Nash, C. J.
 

 The defendant is indicted for selling spirituous liquors in the town of Tarboro’, and the question arises under a private act of the General Assembly, passed in the year 1881, entitled “ an act for the better regulation of the town of Tar-boro.” See Laws of North Caroling 1831, ch. 66, s. 6.
 

 By the general law of the State, the several County Courts, seven Justices being on the Bench, are empowered to grant licenses to individuals to retail spirits by the small measure— that is, less than a quart, Rev. Stat. ch. 83, s.
 
 7;
 
 but they are not at liberty to grant such license to any one, who does not prove by at least two witnesses of known respectability that they have known the applicant’s character for one year at least, and that his moral character is good. This amounts to a prohibition to the magistrates to grant a license upon any other terms; and it is a gross violation of their duties as Judges, if they grant a license, without such proof of his good moral character. Tarboro’ is an incorporated town, and has a Board of Commissioners, invested with the usual powers to pass laws or ordinances for its regulation and government. At the request, no doubt, of the citizens of the place, the act of 1831 was passed. The power and right to grant licenses to retail spirits in
 
 *279
 
 the town of Tarboro’ was left in the hands of the County Court; but the evidence of the moral character of the applicant was changed to the Commissioners. The latter body, to whom the regulation of the police in other respects is committed, are chosen by the citizens themselves — men of integrity, information and discretion, and, it was'presumed, would be well acquainted with the moral character of every man who might apply for a retailing license. Being themselves citizens of the town, and clothed with an important office, it was presumed that their recommendation would, to the magistrates, be.a safer guide in the discharge of their responsible duties, than the evidence provided in the general law, in this respect. Upon this point, the language of the private act of 1881 is much stronger than that of the public act of 1836 — so strong that no one can mistake its meaning and obligation. In the latter act, the language is, “that the County Court
 
 shall not
 
 grant a license to any person, &c., without a
 
 written recommendation
 
 from the Board of Commissioners,” &c. Not from the Commissioners, as individuals, but as a board of public officers — not simply that the applicant is a man of good moral character, but must be recommended — not proved to the Court orally, but it must be in writing, that the Court may have upon its files the evidence upon which they have acted — thus placing the responsibility of their action where the law intended it should rest. Has this command of the law in this case been obeyed ? On the contrary, the action of the Court has been in direct violation of it. It is said, however, that we cannot look behind the license, as it was granted by a Court having jurisdiction. Where a competent tribunal acts within the scope of its authority, their action cannot be questioned in a collateral way. Until reversed, it is not to be controverted. But, when such a Court does act, and their own record shows it had no power to do the act, their judgment is void, and conveys no authority. In the case before us, the record of the County Court shows that it was made known to them that the defendant had applied to the Commis
 
 *280
 
 sioners for a recommendation, and they had refused it. The record then proves they had no authority to grant the license, and it was void, and conveyed to the defendant no authority to retail spirituous liquors by the small measure, in the town of Tarboro’.
 

 It was also insisted, that the Commissioners were guilty of a fraud in not agreeing to issue license to any one. There is no evidence of any fraud whatever, and the charge is fully answered as to the agreement, by the cases of Young v. Jeffers, 4th Dev. and Bat., and the ATTORNEY General against the Justices of Guilford, 5th Ired. 315.
 

 The objection as to the conclusion of the indictment was not pressed here.
 

 This opinion will be certified to the Superior Court of Edge-combe, t.o the end that the Court may proceed to sentence according to law.
 

 Judgment affirmed.