## Commonwealth *vs.* Graves & Clary.

Case 7.

APPEAL FROM FLEMING CIRCUIT.

18bm 33|
f103 454|

1. A county judge has the right to appoint a special term, whenever, in his judgment, it is necessary for the transaction of any business of which he has jurisdiction, not only in regard to the estates of deceased persons, but " any other business over which the court has jurisdiction." (*Acts of* 1853–4, *sess. acts*, 18.).
2. The county court has the power to grant a license to keep a tavern, (*Rev. Stat.* 662,) and if improperly granted it must be vacated by a direct proceeding, and cannot be collaterally determined on a presentment for retailing spirits.

[The facts of the case appear in the opinion of the court.  REP.]

*James Harlan, Attorney General,* for the Commonwealth—

The act of Feb. 18, 1854, *session acts* 1853–4, 18, authorizes the county judge to hold special terms of his court, if "the necessity exists for the immediate action of the court in regard to any other business over which the court has jurisdiction."  Now it is evident to every one that no urgent necessity can exist for a special court to authorize the retailing of liquor, for that is the only purpose for which a license is obtained.  A man may keep private entertainment by feeding a man and horse, and giving them lodgings, without license.  It is a palpable abuse of discretion for a county judge to order a special term of his court to grant a tavern license.  The statute contemplated that such license should be granted only at the regular terms.  No encouragement should be given for the sale of the poisonous drugged liquors now to be found in the common taverns and grog shops throughout the country.

Judge STITES delivered the opinion of the court:

June 2, 1857.

At a special term of the Fleming county court, held in December, 1855, for that purpose, the appel-

VOL. XVIII.      3

lees obtained license to keep tavern, and under such license were guilty of selling and retailing spirituous liquors, continuously, for more than three months.

Having been indicted for keeping a tippling house, they relied on their license, and the circuit judge, to whom the law and facts were submitted, deemed it a sufficient protection, and dismissed the prosecution.

It is objected to this judgment, that the county judge, under the act authorizing him to call special terms of the county court, had no power to call such term for the purpose of granting a tavern license; and that, in the absence of any evidence by recital in the orders of the county court or otherwise, showing a necessity for the immediate action of the county court, the call of the special term, and the order for tavern license, were null and void.

The act of 1853–54, (*session acts*, 18,) provides "That the presiding judges of the several county ' courts shall have power, at any time in vacation, to ' call a special term for the purpose of granting ad- ' ministration or doing *any other* business, whenever ' the judge may be satisfied that the estate of the ' person who may have died is likely to go to waste ' for the want of a personal representative, or that ' the necessity exists for the immediate action of the ' court in regard to any other business over which the ' court has jurisdiction."

The only person authorized to determine as to the necessity of a special term is the county judge, and he has the right to call such term when, in his judgment, it is necessary for the immediate action of the court in regard, not only to the estates of deceased persons, but "any other business over which the court has jurisdiction." The discretion is large, and liable, unrestricted as it is, to abuse, but whether abused or not in the case now before us, cannot be determined, properly in a collateral proceeding. The jurisdiction to grant tavern licenses is vested in the county courts, and an appeal or writ of error lies in such cases to

1. A county judge has the right to appoint a special term, whenever, in his judgment, it is necessary for the transaction of any business of which he has jurisdiction, not only in regard to the estates of deceased persons, but "any other business over which the

the circuit court. *Revised Statutes*, 662. If the county attorney, to whom such matters are committed, conceives that license has been improperly granted, he should, by a direct proceeding by appeal or writ of error have it corrected. Standing as it does here unappealed from, and unreversed, it must be regarded as a valid license, and sufficient for the protection of the defendants in the prosecution against them. The calling of the special term was an exercise of power vested in the county judge, and the granting of the license a matter of discretion and sound judgment, under the law, with the county court. Whether the power was improperly exercised by the county judge, or the license improperly granted by the court, cannot be determined collaterally, but only by a direct proceeding.

Judgment *affirmed*.

2. The county court has the power to grant a license to keep a tavern, (*Rev. Stat.* 662,) and if improperly granted it must be vacated by a direct proceeding, and cannot be collaterally determined on a presentment for retailing spirits.