## COMMONWEALTH *vs.* THOMAS G. MERRIAM.

Middlesex. January 10. — 30, 1884. DEVENS & HOLMES, JJ., absent.

A license to sell intoxicating liquors, which sets forth the name of the street only, and not "the building in which the business is to be carried on," as required by the Pub. Sts. c. 100, § 5, is defective, and the licensee cannot justify sales under it; and it is immaterial that the defect is the fault of the selectmen who granted it.

A certificate, made upon a license to sell intoxicating liquors, authorizing the licensee to change his place of business, in order to have any effect, must be authenticated by the signatures of the chairman of the selectmen and of the town clerk, as required for the original license.

COMPLAINT to the Fourth District Court of Eastern Middlesex, for an unlawful sale of intoxicating liquors, on December 16, 1882, at Woburn. Trial in the Superior Court, before *Brigham,* C. J., who allowed a bill of exceptions, in substance as follows:

It appeared that the defendant duly made application to the selectmen of Woburn for a license to sell and keep for sale intoxicating liquors on the second floor of Whitcher Building on Main Street in Woburn; that the selectmen, upon said application, on May 18, 1882, granted the defendant a license of the first class, which was issued to him on the same day, he having paid the fee required therefor. It was expressed in the license, "that the board of selectmen of Woburn have granted a license to Thomas G. Merriam, doing business at Main Street, to sell, or expose or keep for sale, until May 1, 1883, spirituous or intoxicating liquors, to be drunk on the premises." It also appeared that, on September 21, 1882, upon application of the defendant, but without the publication of any notice thereof, the selectmen authorized him to change his place of business from the second floor of Whitcher Building to store No. 207 Main Street and basement under the store, which store and basement were part of the same Whitcher Building; and the following was thereupon written by the clerk of the board of selectmen upon the face of the license, in accordance with the vote of the selectmen: "Sept. 21, 1882. The within license is hereby transferred to store No. 207 Main Street and basement under the same, from the second floor of Whitcher Building. Thomas H. Hill, clerk board of selectmen."

It appeared that sales of intoxicating liquor were made by the defendant in said store and basement on the day named in the complaint.

The defendant justified under this license and the action of the board of selectmen; and the only questions were whether the description of the place of business in the license was sufficient, and whether the action of the board of selectmen on September 21, 1882, was valid and authorized.

The defendant asked the judge to rule that he was duly authorized to make said sales. The judge declined so to rule, and ruled that the description of the place of business in the license was not sufficient, and on that account the license was invalid; that the action of the board of selectmen on September 21, 1882, was not authorized by law, and was invalid; and that the defendant was not authorized to make said sales by reason thereof.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. B. Gale & J. G. Maguire*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

COLBURN, J. In order to justify sales of intoxicating liquors, it was incumbent on the defendant to produce a license which upon its face appeared to be valid. Section 5 of the Pub. Sts. *c.* 100, requires that the license shall set forth " the building in which the business is to be carried on."

We are of opinion that the license produced in this case was defective in not setting forth such building, and that it is immaterial that the defect was the fault of the selectmen. It was still a defective license, under which the defendant could not justify.

We are of opinion that the certificate made upon the face of the license, under date of September 21, 1882, evidenced only by the signature of the clerk of the board of selectmen, was of no effect. What effect this certificate would have had if it had been properly authenticated, we do not find it necessary to determine; as we are of opinion that, in order that it should have any effect, it must have been authenticated by the signatures of the chairman of the selectmen and the town clerk, as required for the original license. *Exceptions overruled.*