### COMMONWEALTH *vs.* JAMES HAYES.

Norfolk. February 4, 1889. — March 2, 1889.

Present: MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — Licenses — Limit of Number — Statute.*

Under the St. of 1888, c. 340, proportioning to population the number of licenses that cities and towns may grant for the sale of intoxicating liquors, and providing that "any license granted contrary to or in excess of the provisions of this act shall be void," a license duly granted by a town after the act took effect is void if the number already issued by it and then in force exceeds or equals the number permitted by the act.

COMPLAINT on the Pub. Sts. c. 101, §§ 6, 7, for keeping a common nuisance from June 22 to August 28, 1888, in Randolph. At the trial in the Superior Court, before *Sherman*, J., the defendant admitted that he made sales of liquor during the time covered by the complaint, and that, unless the following facts constituted a defence, he was guilty as charged.

In 1888 the town of Randolph, the population of which, as shown by the census of 1885, was three thousand eight hundred and seven, voted to grant licenses of the first five classes for the sale of intoxicating liquors. Fifteen licenses of the first class, numbered from one to fifteen, and six licenses of the fourth class, numbered from one to six, were granted and issued by the selectmen of the town, and were in force prior to June 14, 1888.

On June 14, 1888, the selectmen, upon an application filed by the defendant in May, and duly published, voted to grant to the defendant three licenses, one of the first class, another of the fourth class, and an innholder's license, and on the next day he received them from the town clerk. All the sales made by him were made in accordance with the terms of his licenses, and in good faith.

If the St. of 1888, c. 340,* was applicable, the defendant's licenses were in excess of the number limited by that statute. The defendant asked the judge to rule that the statute of 1888 did not apply, and that his licenses were valid. The judge refused so to rule, and instructed the jury that the act of 1888 did apply; that the licenses did not constitute a defence; and that they would be authorized to find a verdict of guilty.

The jury returned a verdict of guilty, and the judge reported the case for the determination of this court. If the ruling was correct, the verdict was to stand; otherwise, a new trial was to be granted.

*R. O. Harris*, for the defendant.

*A. J. Waterman*, Attorney General, & *H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

FIELD, J. It is conceded that the St. of 1888, c. 340, went into effect on June 14, 1888. Pub. Sts. c. 3, § 1.† By the Pub. Sts. c. 100, § 5, a city at its annual municipal election, or a

---

* This statute, entitled, " An Act to limit the number of places licensed for the sale of intoxicating liquors," is as follows :

" Section 1.   In all towns and cities which vote to grant licenses of the first five classes described in section ten of chapter one hundred of the Public Statutes, to sell intoxicating liquors, the number of places licensed for the sale of such liquors shall not exceed one for each one thousand of the population, as ascertained by the last preceding national or state census, except that in the city of Boston one such place may be licensed for each five hundred of the population.   No more than one such place shall be licensed by any one vote of the licensing board ; such licenses shall be numbered in regular order as granted, and any license granted contrary to or in excess of the provisions of this act shall be void : *provided* that, in towns having an increase of resident population during the summer months, the selectmen may, during the month of June, cause a census to be taken, and may grant one such license for each five hundred of said resident population, as ascertained by said special census, to take effect on the fifteenth day of June and to expire on the fifteenth day of September following; but no such license shall be granted unless the town at its last annual town meeting votes ' Yes ' in answer to the question, ' Shall licenses for the sale of intoxicating liquors be granted in this town ? '

" Section 2.   The foregoing section shall not prevent the licensing of one place in any town voting for license whose population is less than one thousand.   Approved May 15, 1888."

† This statute provides that an act, if it does not expressly prescribe the time when it shall go into operation, shall take effect on the thirtieth day next after the day on which it is approved.

town at its annual meeting, may vote to authorize the granting of licenses for the sale of intoxicating liquors of the first five classes, and the licenses so granted "shall continue in force until the first day of the May next ensuing, unless sooner forfeited or rendered void." By the St. of 1883, c. 93, the licensing board of any city or town may receive applications for licenses during the months of March and April, and may during the month of April grant licenses to take effect on the first day of the following month of May. The annual meeting of every town must be held in February, March, or April. Pub. Sts. c. 27, § 53.

It must have been known to the Legislature when the St. of 1888, c. 340, was passed, that the towns and cities in the Commonwealth had already voted upon the question whether licenses should be granted for the year beginning May 1, 1888, and that in those towns and cities which had voted "Yes" on this question many licenses had already been granted which, under the laws then existing, would continue in force until the first day of May, 1889, unless sooner forfeited or rendered void. It is conceded that licenses are not contracts, and that existing licenses might be annulled by an act of the Legislature, and that if the intention of the St. of 1888, c. 340, was to annul all licenses existing when it went into effect, then, so far as appears from the report, the defendant's was the first and only license granted under the St. of 1888, c. 340, and was valid.

The general rule undoubtedly is, that statutes are to be considered as prospective only in their operation, unless they are expressly made retroactive, or unless it is necessary to construe them as retroactive in order to give effect to their provisions. *North Bridgewater Bank* v. *Copeland*, 7 Allen, 139. *Shallow* v. *Salem*, 136 Mass. 136.

It is one contention of the counsel of the defendant that the statute was intended to regulate the granting of licenses for the year beginning May 1, 1889, and the subsequent years, and not for the remainder of the year beginning May 1, 1888, and that it must be construed as if the first clause read "for all towns and cities which hereafter vote to grant licenses," etc.

The attorney for the Commonwealth contends that in passing this statute it was not the intention of the Legislature either to

postpone the operation of the statute until the next licensing year, or to annul all licenses which had been previously granted for the current year; that the statute should be applied to the facts as they existed in each city and town at the time it took effect; and that if at that time the number of places lawfully licensed in any city or town equalled or exceeded one for each thousand of the population, no license should thereafter be granted for that year, because, if granted, it would be " in excess of the provisions of this act."

The clause of the statute which reads " No more than one such place shall be licensed by any one vote of the licensing board, such licenses shall be numbered in regular order as granted, and any license granted contrary to or in excess of the provisions of this act shall be void," plainly relates to licenses granted after the act took effect, and we are of opinion that, in determining whether a license thereafter granted is " in excess of the provisions of this act," licenses lawfully granted for the current year before the act took effect, and not otherwise forfeited or rendered void, must be counted. Such a construction neither renders the act retroactive, nor postpones the operation of it beyond the time when it took effect. As the license under which the defendant justified was granted after the act took effect, and as the licenses previously granted and in force for the current year exceeded the number permitted by the act, the defendant's license was void.        *Judgment on the verdict.*