BECKHAM *et al. v.* HOWARD *et al.,* commissioners.

1. Respecting the incorporated towns in Pike county, the act of 1887 is no less a prohibitory law against the sale of spirituous and intoxicating liquors than was its predecessor, the act of 1883. These towns being expressly excluded from the only method of granting license provided for, and the statute making it penal to deal in liquors anywhere in the county without such license, there can be no liquor traffic at all in the incorporated towns. Such towns are absolutely and unconditionally "dry."

2. As a license granted by the commissioners of the incorporated town of Zebulon must be nugatory and void, no writ of prohibition is necessary to restrain a grant of such license. At all events, the judgment denying the writ in the present case will not be reversed, the presumption being the commissioners will abide by the statute as above expounded.

May 30, 1889.

Prohibition. Municipal corporations. Liquor. Laws. License. Zebulon. Practice. Before Judge BOYNTON. Pike county. At chambers, March 5, 1889.

The petition of Beckham *et al.* set forth the following: They are citizens of Zebulon, Pike county, and

owners of real estate and personal estate in said town. On the first Monday in February, 1889, the board of counsel or commissioners of said town, without authority of law, issued license for the retailing of intoxicating liquors in said town to one Reid, who is now retailing under said license. Petitioners are informed and believe that said board, on the fourth Monday in February next, or at their next session thereafter, will issue similar license to others, to the great injury of petitioners, and contrary to law, etc. By section two of the act of the legislature of Georgia, approved February 21st, 1873, the same being an act to amend an act approved February 25th, 1825, entitled an act to make permanent the site of the public buildings in the county of Pike, etc., it was provided that the commissioners of Zebulon should have the exclusive right to regulate the retail of ardent spirits within the corporate limits of said town, etc. By section eight of an act of the legislature, approved September 18th, 1883, and ratified by the qualified voters of Pike county July 16th, 1884, the same being an act to prohibit the sale of alcoholic, spirituous or malt liquors or intoxicating bitters in the county of Pike, etc., it was provided that all laws and parts of laws in conflict with this act be and the same are hereby repealed. Since the approval of the act last mentioned, the General Assembly has not relegated to said commissioners the control of the retailing of alcoholic, spirituous and malt liquors or intoxicating bitters, or amended the charter of the town in any way so as to delegate such a right to them. Petitioners pray for a rule against said commissioners, calling on them to show cause why the writ of prohibition should not issue, prohibiting them from issuing such licenses, and that pending the hearing of such rule they be enjoined from so doing, and upon final hearing be forever enjoined, etc.

No answer seems to have been filed; and the writ was refused. Petitioners excepted.

W. J. IVERSON and A. B. POPE, for plaintiffs in error.

J. F. REDDING and S. N. WOODWARD, *contra*.

BLECKLEY, Chief Justice.

The argument of this case was able and admirable. It furnished a conspicuous instance of adherence to the record; which, on one side was spontaneous, and on the other reluctant at first, but at last voluntary and altogether satisfactory.

After studying the three statutes discussed, to wit, the acts of 1873, 1883 and 1887, (acts 1873, p. 285; acts 1883, p. 386; acts 1887, p. 857,) we find that a correct construction of the last is decisive against the power of the commissioners of Zebulon or any other person or persons to grant license to sell spirituous or intoxicating liquors within an incorporated town in Pike county. The act of 1887 is no less a prohibitory law, as to incorporated towns, than was the act of 1883.

By a proviso in the seventh section, "the provisions herein contained as to the manner of obtaining license shall not be construed to apply to any incorporated towns in said county," and the body of the section makes it unlawful, after the previous prohibition law is superseded, "for any person to engage in the sale of spirituous or intoxicating liquors, etc., without first obtaining from the ordinary of said county a license." The 8th, 9th, 10th and 11th sections develop a system, somewhat confused and contradictory, for obtaining license by filing an application with the ordinary; and then the twelfth section declares that "any person engaged in said sale in said county without first having obtained such license in the manner hereinbefore set forth, or otherwise violating this act, shall be deemed guilty of a misdemeanor," etc. The result is, that no

person can procure a license to sell in an incorporated town, and that any person engaging in the sale anywhere in the county without a license, commits a misdemeanor. It follows necessarily that it is a misdemeanor to engage in the sale within any incorporated town of the county, as no license can be had for so doing, and the business cannot be carried on without a license.

The act of 1873 cannot be administered in Zebulon, because that act is held in check as effectually by the act of 1887 as it was by the act of 1883. Whilst it may be practicable, notwithstanding the confused phraseology of the act of 1887, to obtain a license to sell in Pike county elsewhere than in incorporated towns, the incorporated towns are excluded from the license system, and are absolutely and unconditionally "dry." Such is our conclusion from a careful and thorough study of the subject.

Nevertheless we will not reverse the judgment of the judge below denying the writ of prohibition prayed for. The exposition which we have made of the act of 1887 in this brief opinion, renders a reversal unnecessary.

*Judgment affirmed.*