COMMONWEALTH *vs.* CATHERINE McCORMICK.

Worcester.    September 30, 1889. — November 30, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Intoxicating Liquors — License — Dwelling-house.*

A license of the fourth class, to sell intoxicating liquors not to be drunk on the premises, in a "one and a half story building," occupied by the licensee partly as a dwelling-house and partly as a shop, imports an authority to sell anywhere in such building, and, since the St. of 1888, c. 139, § 1, forbidding the granting of licenses of the first five classes "to be exercised in any dwelling-house," is void, whether the shop has or has not interior means of communication with the rest of the building.

COMPLAINT for keeping, on December 22, 1888, at Milford, intoxicating liquors with intent unlawfully to sell the same in this Commonwealth.

At the trial in the Superior Court, before *Brigham,* C. J., there was evidence that at the time in question the defendant occupied a one and a half story building with a basement situated at the corner of Lawrence Street and Lee Street in Milford; that the building above the basement was used by the defendant and her family as a dwelling-house, and fronted on Lawrence Street; that the basement was entered from Lee Street and was occupied by her as a shop, and contained, among other things for sale, various kinds of intoxicating liquors; that between the basement and the rest of the building was a staircase, at the head of which was a door leading into the defendant's dining-room on the first floor, which door was closed and secured by means of two wooden bars placed across it fastened by screws; and that the defendant had posted up in the basement a license of the fourth class, dated May 1, 1888, which certified that "the

board of selectmen of the town of Milford have granted a license to Mrs. Kate McCormick, doing business at Lawrence Street, in her one and a half story building, to sell, or expose or keep for sale, until May 1, 1889, spirituous and intoxicating liquors, not to be drunk on the premises."

The judge instructed the jury, in substance, that this license would not authorize the defendant to keep such liquors for the purpose of sale as above described.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Hopkins & H. E. Fales,* for the defendant.

*A. J. Waterman,* Attorney General, *& H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

HOLMES, J.    The defendant kept liquors for sale in a shop which was parcel of a dwelling-house, relying on a license issued to her by name, " doing business at Lawrence Street, in her one and a half story building, to sell, or expose or keep for sale, until May 1, 1889, spirituous and intoxicating liquors, not to be drunk on the premises."    There was a question, which we need not consider, whether there were means of communication between the shop and the rest of the house.    The court ruled that the license did not justify the defendant in keeping the liquor for sale.

The Public Statutes require all licenses to set forth the building in which the business is to be carried on.    Pub. Sts. c. 100, § 5.    By Pub. Sts. c. 100, § 9, licenses to common victuallers to sell liquor to be drunk on the premises are to specify the room or rooms in which the liquors shall be sold or kept.    This requirement does not extend to licenses of the fourth class, to sell liquors not to be drunk on the premises. But it seems to follow, that if a valid license of the fourth class is granted to sell liquors in a certain building, the licensee may sell in any part of that building without breaking the law. The requirement that the rooms shall be specified, in certain cases, when liquor is to be drunk on the premises, is intended to make a closer restriction in the space in which the liquor may be sold in such cases, than when the liquor is not to be drunk there; not a greater degree of accuracy in the form of the license.    It is assumed that the form of the license expresses

the scope of the authority actually given in both cases. The license is a formal instrument, and the authority given is given by the instrument.

By the St. of 1888, c. 139, § 1, no license of the first five classes "shall be granted to be exercised in any dwelling-house"; but the section is not to prevent the granting of licenses to be exercised in shops having no interior connection or means of communication with a dwelling or tenement of any family. After this statute, a license of the fourth class could not authorize the selling of liquor in a dwelling-house, and if it purported to do so it would be void. The defendant's license, if it sets forth the building in which the business is to be carried on, sets forth her dwelling-house as that building. It imposes no limit, and therefore it imports now, as it would have imported before the act of 1888, an authority to sell anywhere in that building. The act of 1888 made no change in the construction of licenses. It follows that the license was too broad, and was void, whether the shop in the dwelling-house had or had not means of communication with the rest of the house. See *Commonwealth* v. *Merriam*, 136 Mass. 433.

*Exceptions overruled.*