(41 South. 63.)

No. 15,982.

STATE v. LEWIS et al.

(March 12, 1906. On Rehearing, April 9, 1906.)

1. INTOXICATING LIQUORS—SALE WITHOUT LICENSE—EVIDENCE.

A prosecution under section 910 of the Revised Statutes of 1870, for retailing intoxicating liquors without previously obtaining a license from the police jury, town, or city authorities, fails, where the accused produces a license in due form either from the parish or municipality.

2. SAME—IMPEACHMENT OF LICENSE.

A license in proper form to sell intoxicating liquors issued by a municipality, with general powers to regulate and license such business, cannot be collaterally impeached in a criminal prosecution by evidence tending to show that

the powers of the corporation had been divested by a parochial election in favor of prohibition.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Intoxicating Liquors, § 84.]

(Syllabus by the Court.)

Appeal from Sixth Judicial District Court, Parish of Morehouse; Luther Egbert Hall, Judge.

J. E. Lewis and H. J. Brodnax were convicted of violation of the liquor law, and Lewis appeals. Reversed and remanded.

Hudson, Potts & Bernstein and Levy & Todd, for appellant. Walter Guion, Atty. Gen., and James Pemberton Madison, Dist. Atty. (Lewis Guion, of counsel), for the State.

LAND, J. Defendants were indicted on a charge of retailing spirituous and intoxicating liquors in the parish of Morehouse, "without previously obtaining a license therefor from the police jury of said parish or from the authorities of any town or city."

The accused, J. E. Lewis, was tried by the court, found guilty, and sentenced to pay a fine of $301, and in default of payment to be confined in the parish jail for 60 days.

The accused has appealed, and relies for reversal on a number of bills of exception.

On his arraignment, the accused pleaded not guilty, and trial was had on an agreed statement of facts subject to legal objections as to admissibility.

It is admitted that on the 3d day of January, 1906, the municipal authorities of the town of Bastrop, in the parish of Morehouse, issued to the defendant a license for the retailing of spirituous and intoxicating liquors within the corporate limits of said town, for which the defendant paid said municipality the sum of $1,000.

It is further admitted that, acting under said license, the defendant opened a saloon and sold liquors as charged in the indictment; that he had no license from the parish of Morehouse; and that the police jury thereof had not fixed the amount of such a license for the parish or any municipality therein, for the year 1906.

It appears from the statement of facts that on November 8, 1904, a majority of the electors of the parish of Morehouse voted against the issuance of licenses for the sale of intoxicating liquors by retail within the limits of said parish. It further appears that on December 30, 1905, a special election was held in the town of Bastrop, the parish seat of Morehouse parish, by order of the municipal authorities thereof, to take the sense of the legal voters of said town on the question of licensing the sale of intoxicating liquors by retail; that a majority of the legal voters participating in said election voted in favor of the issuance of licenses for such purpose; that the result of said election was duly promulgated by the municipal authorities, and the officers of the town authorized and instructed to issue licenses accordingly.

Section 910 of the Revised Statutes of 1870 reads in part as follows:

"Whoever shall keep a grog or tippling shop or retail spirituous or intoxicating liquors, without previously obtaining a license from the police jury, town or city authorities, on conviction, shall be fined not less than one hundred nor more than five hundred dollars and in default of payment shall be imprisoned not less than thirty days or more than four months."

The indictment follows the words of the statute, which are in the disjunctive, and therefore do not require the payment in advance of all the license taxes that may be exigible on the business of retailing spirituous liquors.

It suffices that the seller has previously obtained a license either from the police jury or the municipal authorities.

It is not a criminal offense to sell intoxicating liquors without first obtaining a state license.

The state relies on civil remedies to enforce the payment of license taxes, and

parishes and municipalities have the same remedies, and besides may pass ordinances, within the limit of their delegated powers, requiring the payment of license taxes in advance under penalty of fine or imprisonment.

We have no jurisdiction to erase from the text the word "or" and substitute the word "and" because we have no powers of legislation.

It may be added that, in the instant case, it was impossible for the accused to pay a parish license tax that had not been levied either in the parish or within the limits of the town of Bastrop.

The next contention of the state is that the action of the municipal authorities of the town of Bastrop in licensing the sale of intoxicating liquors was null and void, as being in contravention of the will of the voters of the parish as expressed at the election held in November, 1904.

Defendant, however, objected to any collateral attack on the license issued to him and to the admissibility of evidence tending to show that the action of the municipal authorities was ultra vires. His objection was overruled, and he duly excepted to the ruling of the court.

The town of Bastrop has authority under its charter to license the sale of intoxicating liquors. The state offered to prove that this authority had been divested as the result of a parochial election held in November, 1904.

Neither the town nor the parish are parties to this proceeding, and neither would be bound by any judgment herein rendered.

The town had at least apparent authority to issue the license, and we do not think that the license held by the defendant can be collaterally impeached in a criminal proceeding.

This seems to be the general rule of law in other jurisdictions.

"The production of a license in proper form is a complete defense and precludes all further inquiry. As it is not collaterally impeachable, the finding of the licensing authorities is conclusive on the state." Black on Intoxicating Liquors, §§ 508, 178, 137.

The issues attempted to be raised collaterally in this criminal prosecution are of the gravest character. They affect the powers of every parish and municipality in this state relative to the licensing of the sale of intoxicating liquors.

We have before us neither proper parties nor pleadings to enable us to determine this question.

The defendant is prosecuted for selling intoxicating liquors without a license, and he produces a license in due form issued apparently by competent municipal authority.

If the power of the town of Bastrop to issue such licenses has been divested by a parochial election, the issue should be raised by direct action as in the case of Police Jury v. Mansura, 107 La. 201, 31 South. 650.

If the authorities of the town of Bastrop, acting in good faith, have transcended their powers, we see no good reason in law or equity why the defendant should be punished as a criminal for the mistake of the municipal corporation.

It is therefore ordered that the judgment appealed from be reversed, and that this cause be remanded for a new trial, in accordance with the views hereinbefore expressed.

## On Rehearing to Amend the Decree.

The decree heretofore handed down is amended so as to read as follows, viz.:

It is therefore ordered that the judgment appealed from be annulled, avoided, and reversed, and that this cause be remanded to the district court, with instructions that the defendant, J. E. Lewis, be discharged from further prosecution.