PROVO STY, J.
Defendant, a merchant of the town of Mansura, parish of Avoyelles, appeals from a conviction, under section 910, Rev. St., of having sold liquors in the year 1907 without a license.
He did have a license — one issued to him by the town — but the state successfully contended that said license was not in due form; also that it was a nullity and a fraud, simply a scheme to circumvent the laws against the selling of liquors without a license, because the town authorities and the defendant knew very well, the former when they issued it and the latter when he took it, that as an effect of elections duly held in the parish, under the local option law, authority to issue licenses for the sale of liquors had been withdrawn from the towns of the parish. The defendant objected to the evidence offered for the purpose of substantiating said contentions of the state; and the ease has come up on a bill of exceptions reserved to the admission of the evidence.
The ground of objection is that, in a prosecution for the selling of liquors without a license, the production of a license is a complete defense; that the license cannot be impeached collaterally; that its validity can be inquired into only in a direct action brought against the town and the license for setting it aside. Defendant relies on the decision of this court in the case of State v. Lewis, 116 La. 762, 41 South. 63.
There can be no doubt that the evidence, if admitted, will show that the license produced by defendant has no validity whatever. A parish election was held in November, 1904, at which prohibition was adopted for the entire parish, to begin January 1, 1905; and on December 20, 1906, another parish election was held with the same result. In issuing the license to defendant, the town relied upon an election held by itself on December 12, 1906, that had resulted in favor of issuing licenses. But, in the case of Police Jury v. Mansura (this day decided) 44 South. 23,[1] it is held that the result of a parish election at which prohibition has been adopted for the entire parish is binding upon the towns of the parish, and continues in full force until set aside by another parish election, and cannot be set aside by a town election. And, in the same case, it is also held that a parish election adopting prohibition for the entire parish, no matter when held, whether before or after the holding of a town election, .is of paramount authority and binding on the town.
From an article by Judge Black on Intoxicating Liquors, 23 Oye. 92, we extract the following:
“Where an election on the question of local option results in favor of its adoption, the effect is to put the prohibitive or restrictive liquor law into active operation in the district or territory affected, so that thereafter any sale of liquor made within the district, save in accordance with such exceptions as may be set forth in the act, becomes a punishable offense.
“The adoption of prohibition in any district or municipality, under the local option law, will revoke and annul any existing and unexpired licenses or privileges for the sale of liquor, so that a license or permission granted before the adoption of the law will be no protection to one who makes a sale after it.”
Therefore the only question to be considered is whether said evidence to show that a parish election had been held was admissible, or, in other words, whether the validity of the license produced by defendant can be inquired into.
We find cases in which it has been held *413 "that, where a court is authorized to issue a license upon the existence of a certain state ■of facts, the correctness or propriety of its action in issuing the license will not be peranitted to be investigated collaterally, as, for •instance, in a criminal prosecution of the •person who has sold liquors under the li•cense; the license being held to be in such a •case a complete defense. Thus:
In Commonwealth v. Graves & Clary, 57 Ky. (18 B. Mon.) 33, the defendant was prosecuted for selling liquors without a li- • cense. He exhibited a license from the county court, and the contention of the prosecution was that the license had been granted ■at a special term, and that to have ordered -•a special term of court to grant a tavern li•cense was an abuse of the discretion vested In the court, that the statute authorized the holding of a special term only in cases where necessity existed for immediate action, and •that there was no necessity for the immediate granting of the license. The court held that the discretion as to necessity was confided by law to the court, and that the question of •whether that power had been properly or improperly exercised, and the license properly ■or improperly granted, was one that could not be determined collaterally, but only by a •■direct proceeding.
In Goff v. Fowler, 3 Pick. (Mass.) 300, defendant was sued for penalties for selling liquors without a license. He had a license, ’but the plaintiff insisted that it was void, "because in granting it to him the court of sessions had not acted on proper or sufficient •evidence. The court held that the court of sessions was the proper authority to adjudicate on the sufficiency of the evidence on which to issue a license, saying:
“It would he laying a snare for persons who •obtain a license and pay the excise thereon to leave them subject to prosecution for keeping an Inn without the license by allowing any informer to unravel the proceedings of the court un order to detect some irregularity therein.”
In Hornaday v. State, 43 Ind. 306, the court held that the question of whether proper notice was given by an applicant for license cannot be inquired into in a prosecution against him for retailing intoxicating liquors without a license.
In State v. Evans, 83 Mo. 319, the court held that the prosecution cannot show that a taxpayer’s petition for the license contained less than the requisite number of signatures.
But in other cases it has been held that proof of the absence of jurisdictional facts can always be administered, and that, where such proof is made, the license is unauthorized, and affords no protection against a criminal prosecution. Thus:
In State v. Moore, 46 N. C. 276, the defendant was indicted for selling liquors without a license. He produced a license granted by the county court without the recommendation from the board of commissioners; such recommendation being one of the prerequisites for the issuance of a license. The court said:
“It is said, however, that we cannot look behind the license, as it is granted by a court having jurisdiction. Where a competent tribunal acts within the scope of its authority, their action cannot be questioned in a collateral way. Until reversed, it is not to be controverted. But, when such a court does act and their own record shows that they had no power to do the act, their judgment is void, and conveys no authority.”
In Commissioners of Raleigh v. Kane, 47 N. C. 293, defendant was prosecuted for the recovery of a penalty for having sold liquors without a license. He produced a license, but one which had been issued on the recommendation of the board of commissioners for the preceding year, instead of by the board of commissioners for the current year. The recommendation was held not sufficient, and the license void, and no protection to the defendant.
In Russel v. State, 77 Ala. 89, held that a license issued by the probate judge without *415 having required a compliance with the statutory conditions was no protection against prosecution.
The only case we find in which it was held that the action of a court in issuing a license could not be inquired into even as to the jurisdictional facts is State v. Evans, supra.
In not one case that we have been able to find has the license been held to be a protection where the court,’ or other body which had issued it, had been without authority in the premises. The contrary has been Invariably held. Thus:
In Commonwealth v. McCormick, 150 Mass. 270, 22 N. E. 911, held that a license to sell in a dwelling house is void, under the statute, and no protection against indictment.
In Commonwealth v. Hayes, 149 Mass. 32, 20 N. E. 456, held that a license issued in excess of the number authorized is void, and no protection against indictment.
In Commonwealth v. Whelan, 134 Mass. 205, held that a person charged with unlawfully selling intoxicating liquors cannot justify under a license, if it appears that no license could be legally granted for the sale of liquors in the building described in the license.
In Gurley v. State, 65 Ga. 157, held that since, under the Code, the ordinary cannot grant a license to retail liquor for less than one year, a license for four months will not protect the retailer against prosecution.
Strickland v. Knight, 36 South. 363, 47 Fla. 327, was the case of an injunction by a citizen to prevent the country commissioners from issuing a license for the sale of intoxicating liquors in a ward in which an election had been held resulting against the issuance of licenses. The court dissolved the injunction, on the ground that inasmuch as the license, if issued, would not protect the defendá’nt, or any one selling liquors under it, there was no ground for injunction. The court cited, in support of the proposition that the license would be void and no protection to defendant, the following cases: Butler v. State, 25 Fla. 347, text, 355, 6 South. 67; Bonacker v. State ex rel. McFarlane, 42 Fla. 348, text, 353, 29 South. 321; Norman v. D’Alemberte, 30 Fla. 545, 11 South. 905; 17 Am. & Eng. Ency. Law (2d Ed.) 331; State v. Moore, 46 N. C. 276.
In Beckman v. Howard, 83 Ga. 89, 9 S. E. 784, held that no writ of prohim'tion is necessary to restrain the grant of a license which if issued would be nugatory and void.
Indeed, it stands to reason that a license issued without authority is nugatory and void, is no license, but nothing more than a piece of paper with the words of a license written or printed upon it, and that, therefore, the inquiry whether the body that issued it had authority to do so is not only permissible, but absolutely indispensable, in every case.
In the case at bar the town of Mansura was utterly without authority to issue a license to the defendant. The so-called license produced by the defendant was therefore properly declared by the learned judge a quo to be no protection.
The case of State v. Lewis, 116 La. 762, 41 South. 63, was decided upon its peeulia? facts. A somewhat analogous case is that of Hanks v. People, 39 Ill. App. 223. In that case defendant was indicted for selling liquors without a license. The license was regular in every respect, except that all the formalities prescribed by law for the passage of the ordinance authorizing the granting of licenses for the sale of liquors had not been observed.
The court held that the defendant was protected by the license; that the informalities in the adoption of the ordinance was a fact of which he was ignorant; that “he. had a right to presumé that thé village au *417 thorities had followed the law in passing the ordinance in question.” The court added:
‘We do not hold, or intend to be understood as holding, that by indulging this presumption as to the regularity of the passage of an ordinance that the parties are thereby excused from being chargeable with a knowledge of the law in all cases, whether arising under an ordinance or statute. The presumption indulged of the regularity of the acts of the village council relates to the existence only of a fact, and not as to the meaning or requirement of an ordinance or law in actual existence. We think the evidence here entirely fails to show any criminal conduct on the part of appellant, or any purpose to violate the law, or that he had any knowledge that he was violating it, and we think it would be a violation of every principle of the criminal law to convict a man under such circumstances.”
In the case at bar the trial court found the facts to be as hereinabove stated, and its judgment in that respect is not reviewable by this court, which has jurisdiction in criminal cases only on questions of law. Defendant was therefore fully cognizant of the facts upon which the validity vel non of his so-called license depended, and acted with his eyes open. Of the law applicable to those facts he cannot plead ignorance.
Judgment affirmed.

 Ante, p. 300.