# DISTRICT OF COLUMBIA v. WILSON.

MUNICIPAL CORPORATIONS; INTOXICATING LIQUORS; LICENSES.

Where the excise board of the District of Columbia grants a license to sell intoxicating liquor to a social club after determining that its club house is not located in a residence portion of the District of Columbia, or on the side of a square where 50 per cent of the foot frontage is devoted to business purpose, within the meaning of sec.

9 of the act of Congress of March 4, 1913 (37 Stat. at L. 997, chap. 150), its action cannot be collaterally attacked in a proceeding brought in the police court by the District commissioners against the president of the club by information based upon the theory that the license so issued was void because the board erred in its findings of fact before granting the license.

No. 2860. Submitted October 6, 1915. Decided January 3, 1916.

In error to the Police Court of the District of Columbia.
*Affirmed.*

The Court in the opinion stated the facts as follows:

This is a review, on writ of error, of the judgment of the police court of the District of Columbia sustaining a demurrer to an information charging "that Nathaniel Wilson, President of the Metropolitan Club, * * * at No. 1700 H Street, Northwest, Washington, D. C., did conduct a barroom and sell intoxicating liquor under the supposed authority of a license from the excise board of the District of Columbia, issued on petition and application of him, said Wilson, made in form required by law for the establishment and maintenance of a barroom for the sale of intoxicating liquors at the premises aforesaid, * * * which said supposed license is null and void and illegal in that the said premises are and were at the time of the issue of said supposed license, and at and prior to the passage of the act of March 4, 1913, * * * located in a residence portion of the District of Columbia, said sales being contrary to and in violation of sec. 9 of said act of Congress."

A second count in the information charges defendant in error with conducting a barroom and selling intoxicating liquors in the said Metropolitan Club situated "on the side of a square, block, and tract of land where less than 50 per cent of the foot frontage, not including hotels and clubs having barroom licenses, is used for business purposes, contrary to and in violation of sec. 9 of said act of Congress."

The provision of sec. 9 of the act aforesaid, that has special

application here, reads as follows: "Hereafter no license shall be granted for the establishment or maintenance of a barroom or other place for the sale of intoxicating liquors, otherwise than in sealed packages and not to be drunk on the premises, in any residence portion of the District of Columbia; and it shall be the duty of the excise board to determine, in the case of each application for license, whether the location where the barroom is to be located is or is not within the business portion of the District, and if not the license shall be denied; and the excise board is hereby authorized and required to determine in each case what is so far devoted to business as to constitute it a business street or section: *Provided,* That no license shall be granted for any saloon or barroom on any side of any square, block, or tract of land where less than 50 per cent of the foot frontage, not including saloons or hotels and clubs having barroom licenses under this section, is used for business purposes; nor shall intoxicating liquors be sold at wholesale outside of the business districts as above provided." [37 Stat. at L. 997, 998, chap. 150.]

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellant.

*Mr. Clarence R. Wilson, Mr. Reginald S. Huidekoper,* and *Mr. Paul E. Lesh* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It appears from a review of the act that the excise board is vested with wide administrative and judicial discretion in the matter of granting or refusing liquor licenses. Paragraph 2 of the act, among other things, provides: "Said board shall consider and act upon all applications for license to sell intoxicating liquors, and may require a report thereon by the chief of police, and the action of said board shall be final and conclusive. * * * On the granting by said board of a license to sell intoxicating liquors, the assessor shall issue a license to

the applicant. Said board shall make such rules and regulations for carrying into effect this section as it may deem requisite and proper." The entire act is embraced within a single section subdivided into twenty-five paragraphs. Hence, it will be observed that the Board is created a quasi-judicial tribunal, with sufficient express powers, either by interpretation of the provisions of the act itself, or by rules not inconsistent therewith, to give force and effect to the broad purposes of the act. There are limitations in this act, and in other statutes in force in this District, defining territorial limits within which it is made unlawful, under any circumstances, to grant a liquor license. The Metropolitan Club, however, is not located within any of these described limits. But it is contended, and so alleged in the information, that the license is null and void for the reason that the club is located within a residence section, and not on the side of a block where more than 50 per cent of the frontage is devoted to business purposes.

This brings us to the consideration of the powers and jurisdiction of the board. Manifestly, the board would exceed its jurisdiction if it granted a license to sell liquor within prohibited territory expressly described. Such a license would be totally void. But that is not this case. Concededly, the Metropolitan Club is not located within territory expressly prohibited, and in which the board has no jurisdiction to entertain applications for licenses. On the contrary, the act expressly confers upon the board power and discretion to determine, in this instance, whether or not the club is in a residence or business section of the city, or on a square where more than half of the frontage is devoted to business. These matters being left to the ascertainment and determination of the board, a license erroneously granted after full consideration of the questions of fact, and of mixed law and fact, is not void, but voidable. It is unnecessary to consider whether, under the language of the act making the actions of the board "final and conclusive," jurisdiction rests anywhere to review the judgment of the board on the questions of law and fact thus confided to its discretion.

The proceedings leading up to the issuance of the license in question were all regular, and, so far as the record discloses, the license is in usual form. To challenge it, therefore, in the present proceeding, would involve an inquiry into the questions of fact upon which investigation was required of the board before granting the license. Such a review of the questions of law and fact leading up to the granting of a license merely voidable would constitute a review of the action of the excise board in a collateral proceeding. "If it is desired to contest the validity or regularity of the action of the authorities in granting or refusing a license, it must be done in one of the modes we have already discussed, that is, by appeal, mandamus, certiorari, or some other appropriate proceeding. The legality or propriety of their action cannot be inquired into in any collateral action. Notwithstanding the anterior proceedings may have been irregular, a license actually granted will protect the holder." Black, Intoxicating Liquors, sec. 178. See also *Goff* v. *Fowler,* 3 Pick. 300; *Hornaday* v. *State,* 43 Ind. 306; *State* v. *Lewis,* 116 La. 762, 41 So. 63; *Hanks* v. *People,* 39 Ill. App. 223; *Martel* v. *East St. Louis,* 94 Ill. 67; *State* v. *Evans,* 83 Mo. 319; *Com.* v. *Graves,* 18 B. Mon. 33.

The excise board is the legally constituted agency of the government to adjudicate and regulate the granting of liquor licenses in the District of Columbia. It matters not that its powers are merely quasi-judicial. Its findings, resulting in the issuance of a license valid on its face, are as immune from collateral attack as would be a license granted by a municipality or by a court. In this case the board had jurisdiction of the subject-matter and of the parties to determine the fact whether or not the Metropolitan Club is located within a business section of the city of Washington, and in a square 50 per cent of the frontage of which is devoted to business purposes. Having adjudicated the matter, and issued a license in proper form, its action cannot be reviewed in the present collateral proceeding. "When a court of special jurisdiction, having authority to decide the matter in controversy, acquires jurisdiction over the parties to the suit, its judgment is final and conclusive, un-

less reversed by some appellate court. Such judgment cannot be overhauled or controverted in any original suit at law or in equity. Its merits can nowhere be collaterally investigated. No error, however palpable, will vitiate it. 'An inferior court having acquired jurisdiction, the same intendments will be made in its favor as in the case of superior courts.' " 2 Freeman, Judgm. 4th ed. sec. 524.

The allegations of the information admit the regularity of the proceedings resulting in the issuance of the license. The District of Columbia having received the license fee deposited by defendant in error as required by law, and through its legally constituted authority having issued him a license, it is now estopped to collaterally impeach the act of its excise board, and thus deprive its licensee of the right to lawfully exercise the privileges conferred upon him. The license furnishes a complete defense to this action. In *State* v. *Lewis,* 116 La. 762, 41 So. 63, a criminal action impeaching a liquor license in proper form, the court said: "Neither the town nor the parish are parties to this proceeding, and neither would be bound by any judgment herein rendered. The town had at least apparent authority to issue the license, and we do not think that the license held by the defendant can be collaterally impeached in a criminal proceeding. This seems to be the general rule of law in other jurisdictions. 'The production of a license in proper form is a complete defense, and precludes all further inquiry. As it is not collaterally impeachable, the finding of the licensing authorities is conclusive of the State.' Black, Intoxicating Liquors, secs. 508, 178, 137."

The judgment is affirmed, with costs. *Affirmed.*