## MARTIN MARTEL

### *v.*

## THE CITY OF EAST ST. LOUIS.

1.  MUNICIPAL CORPORATION—*when license protects party from a prosecution.* A city can not be allowed to recover a penalty from a person for pursuing a trade or calling, for the privilege of·which the city has received and retains the consideration exacted of him.   In such case it is immaterial whether the ordinance under which the privilege was granted was valid or invalid, or whether the agents acting on behalf of the city were *de facto* or *de jure* officers, or no officers at all.

2.  SAME—*license by de facto officers good, unless money paid is returned.*  Where a person takes out a license to keep a dram-shop within a city, pursuant to an ordinance of the city, the license being issued by *de facto* officers of the corporation, and pays into the city treasury the sum exacted therefor, and gives the proper bonds, before the city can maintain an action against him for the penalty for carrying on the business without a license, it must revoke his license and return him his money.

3.  SAME—*doctrine of estoppel applies.*    The doctrine of estoppel *in pais* applies to municipal corporations, but the public will only be estopped, or not, as justice and right may require.   Any positive acts by municipal officers which may have induced the action of the adverse party, and where it would be inequitable to permit the corporation to stultify itself by retracting what its officers have done, will work an estoppel.

4.  SAME—*adoption of acts of its officers.*    Where a city receives and retains money paid by a party for a license to keep a dram-shop, with a knowledge of the purpose for which it was paid, this will be equivalent to an adoption by the city of the acts of the officers who assumed to act on its behalf in issuing the license, and will make such acts its own, although·such officers were not *de jure* officers of the city.

APPEAL from the Appellate Court of the Fourth District.

Mr. R. A. HALBERT, for the appellant.

Messrs. G. & G. A. KŒRNER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was commenced before a justice of the peace, in the city of Belleville, to recover a penalty imposed by an ordinance of the city of East St. Louis upon any one who should keep a dram-shop within the limits of such city without having a license so to do. Under the evidence found in the record it is not perceived how the conviction can stand.

Defendant was found guilty of the violation of an ordinance that provides that any person who shall exercise any trade or calling therein required to be licensed without having first obtained a license as therein provided, shall be subject to a fine of not less than $3 nor more than $100 for each and every offence, and on conviction he was fined $3. That defendant had a license to keep a dram-shop in the city of East Louis is conceded, and, under the admissions found in the record to be taken as evidence, the city will not be permitted to deny it was a valid license. On the offer being made to prove certain facts, plaintiff admitted that on the 20th of June, 1878, defendant paid to Winstanly $56.25 for a license to keep a dram-shop in the city of East St. Louis; that Winstanly was then acting as treasurer of the city; that defendant had given bond in the sum of $3000, in due form of law, for the purpose of keeping a dram-shop; that he had received from Sullivan, who was then acting as city clerk, under the seal of the city, a license to keep a dram-shop within the jurisdiction of such city, for a period of nine months from the 20th day of June, 1878, and that the city had never returned to him the money so paid for such license. The license issued to defendant had not expired by limitation, nor had it been revoked when this prosecution was commenced.

Receiving the money paid by defendant was equivalent to an adoption by the city of the acts of the officers who assumed

to act on its behalf in the matter of issuing license, and made such acts its own.   There is no pretence the city did not receive the benefit of the money paid by defendant for a license to keep a dram-shop,—a city bond for the amount having been surrendered and cancelled,—and the admission is, the city has not "returned" the money to defendant.  So long as the city retains defendant's money paid for a license to pursue his trade or calling, with the knowledge of the purpose for which it was paid, it is immaterial whether the officers acting on behalf of the city were *de facto* or *de jure* officers.   It can make no possible difference through what channel the money was obtained.   It would be unconscionable to permit the city to recover a penalty from defendant for pursuing a trade or calling, when, for the privilege of carrying it on, the city has received and retains the consideration exacted of him.   It is of no consequence whether the ordinance under which the privilege was granted was valid or invalid, or whether the agents acting on behalf of the city were *de facto* or *de jure* officers, or no officers at all.   Under the sanction of him who it is conceded was at the time the chief executive officer of the city, defendant paid to the city the sum exacted of him by persons exercising functions of city officers, for the privilege of pursuing his calling within its jurisdiction, and he ought not to be molested by the city while engaged in it. Penalty is punishment for wrongful conduct, and how can it be said defendant is guilty of conduct for which he ought to be subjected to penalties denounced against wrongdoers, when he has paid the city, through persons who it is conceded were acting in official capacities on behalf of the city, for doing that of which complaint is made?   In any event, before defendant could be subjected to penalties imposed by the ordinance under which he was prosecuted, the city should have returned him the money paid and revoked the license issued to him by persons assuming to exercise official acts on its behalf.

The doctrine of estoppels *in pais* has been held by this

court to be applicable to municipal corporations as well as to private corporations and citizens, but the public will only be estopped, or not, as justice and right may require. Any positive acts by municipal officers which may have induced the action of the adverse party, and where it would be inequitable to permit the corporation to stultify itself by retracting what its officers had done, will work an estoppel. *Roby* v. *The City of Chicago,* 64 Ill. 447; *Chicago, Rock Island and Pacific Railroad Co.* v. *City of Joliet,* 79 id. 39; *Logan County* v. *City of Lincoln,* 81 id. 156.

The case in hand comes fairly within the principle of the authorities cited. The action of the city in not returning to defendant the money he had paid for a license to pursue his calling within its jurisdiction, may have, and no doubt did, produce the action of defendant for which the city now seeks to recover of him a penalty; and while the city retains defendant's money it would be inequitable to permit the corporation to stultify itself by repudiating what officers assuming to act on its behalf had done. The case has not a single feature that relieves it from the operation of the just rule declared in the cases cited, and it is according to "right and justice," in such a case, that the corporation should be held to be estopped to prosecute defendant for exercising a privilege he has bought and paid for.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*