VILLAGE OF GENOA

*v.*

WILLIAM P. VAN ALSTINE.

*Filed at Ottawa January 23, 1884.*

1. ERROR—*obviated by amendment.* An error in a judgment in awarding execution against an incorporated village for costs, may be obviated, after appeal or writ of error, by amendment of the record in the court below, and filing a transcript thereof, by leave, in the Appellate Court.

2. APPEALS—*reviewing controverted questions of fact.* An action to recover a penalty for the violation of a village ordinance being only a civil suit, the finding of the facts by the Appellate Court, by affirming the judgment below, is conclusive on this court. The guilt or innocence of the defendant, and whether sales of liquor made by him were made in good faith, under a permit, are questions of fact.

3. SALE OF LIQUORS—*under permit of municipal authorities.* Where a permit to sell intoxicating liquors for medicinal purposes, etc., is granted to a druggist in pursuance of an ordinance by the authorities of an incorporated village, the village will not be permitted to insist it was not a sufficient warrant for the sale of liquors under it, in accordance with its terms. On a prosecution by the People a different question would be presented. But a municipal corporation will not be allowed to license an act to be done, and then collect a penalty for the doing of it as for an illegal act.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. CHARLES KELLUM, Judge, presiding.

This action was commenced by the village of Genoa against William P. Van Alstine, before a justice of the peace, to recover penalties for the sales of spirituous liquors by defendant contrary to the provisions of the village ordinance. On the trial before the justice of the peace the village recovered a judgment against defendant in the sum of $60, and costs of suit. A trial *de novo* was had, on the appeal of defendant, in the circuit court, where the jury found the issues for defendant. A motion for a new trial was overruled, and the court rendered judgment against the village for costs. That judgment, on appeal, was affirmed in the Appellate Court for the Second District, and the village brings the case to this court on its further appeal.

On the trial of the appeal in the circuit court the defendant introduced in evidence a permit in the words and figures following:

"DRUGGIST'S PERMIT.

"*By authority of the village of Genoa, State of Illinois:*

"Permission is hereby given to W. P. Van Alstine, druggist, at his store in the village of Genoa, county of DeKalb, and State of Illinois, to sell spirituous liquors for medicinal, mechanical, scientific and sacramental purposes, by keeping a public record, stating when, what, and to whom, the quantity, and for what purpose the same was sold, from the 22d day of July, A. D. 1881, to the third Tuesday in April, 1882, subject to forfeiture, and under such restrictions and regulations which now are, or may be hereafter, provided by ordinance.

"Given under the hand of the president of the board of trustees of said village, and the seal thereof, this 22d day of July, A. D. 1881.

[L. S.]          A. CRAWFORD, President."

The second of defendant's instructions given is as follows:

"If the jury believe, from the evidence, that the defendant had a license, or permit, from the village authorities of the village of Genoa authorizing him to sell spirituous liquors for certain purposes therein mentioned; and that he did so sell in good faith, then such license or permit is a full and complete defence for all sales made while such license or permit was in force, provided such sales were made in good faith, and for the purposes in such license or permit mentioned."

Messrs. JONES & BISHOP, for the appellant:

The permit, without showing the execution of a bond and other prerequisites named in the ordinance and the statute, was no justification. Rev. Stat. 1874, "Dram-shop act," sec. 5; *Lombard* v. *Cheever,* 3 Gilm. 472; *Spake* v. *People,* 89 Ill. 617; *Munsell* v. *Temple,* 3 Gilm. 95.

A valid permit can protect only for sales made in good faith in accordance with its provisions. *Spake* v. *People,* 89 Ill. 617; *Schwuchow* v. *Chicago,* 68 id. 444.

The third instruction was to the effect that defendant had a right to sell bitters, whether intoxicating or not, if intended for a medicine, without any license. That this was error, see *Wright* v. *People,* 101 Ill. 126; *Godfreidson* v. *People,* 88 id. 248; *Noecker* v. *People,* 91 id. 494.

Messrs. LOWELL & CARNES, for the appellee:

The objection to the permit was general, and not specific, so as to afford a chance to obviate it, and specific objections, that might have been removed by further evidence, are now too late. *Swift et al.* v. *Whitney et al.* 20 Ill. 144; *Harvey* v. *Dunn,* 89 Ill. 588.

Appellant is estopped from denying the validity of the acts of its officers. *Martel* v. *City of East St. Louis,* 94 Ill. 67.

The affirmance by the Appellate Court is conclusive as to the facts. *Wallace* v. *Goold,* 91 Ill. 15; *Gravett et al.* v. *Davis,* 92 id. 190; *Morris* v. *Preston,* 93 id. 215; *Sconce* v. *Henderson et al.* 102 id. 376; *Fitch* v. *Johnson,* 104 id. 111; *Edgerton et al.* v. *Weaver,* 105 id. 43; *Harzfeld* v. *Converse et al.* id. 535; *Eames* v. *Rend et al.* id. 506; *Indianapolis and St. Louis R. R. Co.* v. *Morgenstern,* 106 id. 216; *Leonard* v. *Patton,* id. 99; *Fitzsimmons* v. *Cassell,* 98 id. 332.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The objection that execution was awarded against the village for costs, has been obviated by an amendment to the record in the trial court, a transcript of which, on leave given for that purpose, was filed in the Appellate Court, which shows that part of the original judgment that awarded execution for costs was stricken out. There is now no error in the record in that respect.

Although this action is to recover penalties for the violation of a village ordinance, it is, in form, a civil action. It is apprehended the finding of facts by the Appellate Court in such a case is conclusive upon this court. It is for that reason the point made, the verdict is against the evidence, will not be considered in this court. Whether defendant was guilty or not, as charged, under the ordinance in evidence, was purely a question of fact, and concerning which the testimony was conflicting. The judgment of the Appellate Court, in respect to that question of fact, will be regarded as conclusive.

No objection seems to have been taken to the admission in evidence of what is called a "permit," issued to defendant under the second section of the ordinance "concerning licensing the sales of liquors." Having been issued by the village authorities, the village will hardly be permitted to insist it was not a sufficient warrant for the action of defendant under it. If the State were prosecuting defendant for illegal sales

of intoxicating liquors, a very different question would be presented. A municipal corporation will not be allowed to license an act to be done, and then collect a penalty for the doing of it as for an illegal act. *Volenti non fit injuria.* The case of *Martel* v. *City of East St. Louis,* 94 Ill. 67, is an authority in point. Whether defendant kept such a record as the ordinance requires should be done, was made a question in the trial court. It is seen the jury, by their verdict, must have acquitted defendant of all bad faith, and as that finding has been concurred in by the only tribunal authorized by law to reinvestigate such matters, it will be understood, for the purposes of this decision, his sales were made in good faith, and not as a mere device to avoid the provisions of the ordinance that forbid the sales of intoxicating liquors.

Objections are taken to instructions numbered two, three and seven, of the series given for defendant. The second instruction is not open to the criticism made upon it. So far as it assumes to state the law applicable to the facts of the case, it is done with sufficient accuracy. Whether the "bitters" sold by defendant contained intoxicating liquors was fairly submitted by the third instruction as a question of fact, —at least it contained nothing calculated to mislead the jury on the real issues involved. The seventh instruction is more open to criticism than any of the series; but when it is considered in the light of the evidence, whether it was entirely accurate or not, it is by no means clear it was hurtful to plaintiff, and especially in view of the fact the jury were instructed fully, at the instance of plaintiff, that the "permit" in evidence in no event would be any justification for any sales of liquors made by defendant after its revocation and notice to him.

No error of law appearing in the record of sufficient importance to warrant a reversal of the judgment of the Appellate Court, it must be affirmed.

*Judgment affirmed.*