LAWRENCE McGINNIS, JR. *vs.* INHABITANTS OF MEDWAY.

Norfolk.    December 13, 1899. — May 16, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Recovery of Money paid for Licenses — Agency.*

A person who receives a license for the sale of intoxicating liquors must be assumed to have taken it upon the conditions of Pub. Sts. c. 100, and the acts in amendment thereof, so far as respects his rights upon a revocation of the license; and there is no provision in any such statute authorizing a recovery in a case where the license not void in its inception is revoked on the ground that notices of the application were not posted on the premises described in the application as required by the sixth section of the statute.

Although the question whether licenses shall be granted in any city or town is determined by the vote of the inhabitants thereof, still the licensing board, whether a special commission or the mayor and aldermen or the selectmen, do not act as the agents of the city or town, but as public officers specially designated in that behalf, and, in the absence of any statute to the contrary, the city or town is not answerable for their acts as such officers.

CONTRACT, to recover $2,300 paid for licenses of the first and fourth classes. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion.

*T. E. Grover & R. G. Fairbanks,* for the plaintiff.

*L. E. Fales & W. G. Pond,* for the defendant.

HAMMOND, J.   The licenses issued by the plaintiff under Pub. Sts. c. 100, by the selectmen of the defendant town having been revoked on the ground that notices of the applications were not posted on the premises described in the applications as required by the sixth section of that statute, the plaintiff brings this action to recover the amount paid by him for the licenses, on the ground that he, supposing that the law as to posting such notices had been complied with, paid the money under a mistake of fact. He further claims that the money is wrongfully kept by the town, and that the selectman who made the mistake was the agent of the town.

It appears that, there being no newspaper printed in the town, the board of selectmen gave one of its members the

notices issued by them upon said applications, to post on the premises. He, however, did not post any of them on the premises, but did post them on land adjoining. In due time the plaintiff paid to the town treasurer the license fees, and received his licenses. It is fair to assume that within thirty days from the time the money was paid to the treasurer, in compliance with the law he paid one fourth of the money to the treasurer of the Commonwealth.

Although the question whether licenses shall be granted in any city or town is determined by the vote of the inhabitants thereof, still the licensing board, whether a special commission, or the mayor and aldermen or the selectmen, do not act as the agents of the city or town, but as public officers specially designated in that behalf, and, in the absence of any statute to the contrary, the city or town is not answerable for their acts as such officers. The license is not granted by the city or town, but by the State acting through its duly appointed officers.

It is to be noted that we are not dealing with a case where from its very inception the license was a nullity. These licenses were issued by the proper tribunal, acting within its jurisdiction and having the power to issue them. Nor were they defective in form, as was the case in *Commonwealth* v. *McCormick*, 150 Mass. 270, and in *Commonwealth* v. *Merriam*, 136 Mass. 433, but on the contrary they appeared on their face to be regular and legal in every respect. They were a full and legal protection to the licensee until revoked under the statute, and they could not be so revoked for the cause for which they were actually revoked except by a court acting in proceedings instituted directly for that purpose under the provisions of the sixth section of the statute. Pub. Sts. c. 100, §§ 6, 16.

The plaintiff for several days enjoyed the privileges of these licenses, and to that extent was benefited.

It is provided by Pub. Sts. c. 100, § 5, that every license " shall name the person licensed, shall set forth the nature of the license and the building in which the business is to be carried on, and shall continue in force until the first day of the May next ensuing, unless sooner forfeited or rendered void "; and the published notice of the application shall set forth substantially the same things. § 6. The license when granted is subject to

several conditions, for a breach of any one of which it may be forfeited. § 9, cl. 7. The statute provides for the forfeiture or revocation of a license for various other causes. §§ 16, 23.

The license is a personal privilege. If granted to an individual, except as otherwise provided it expires with his life. Again, the building in which the business is to be carried on may be totally destroyed by fire and the rooms described in the license cease to exist. It would occur to any person upon the most superficial reflection that from these and other causes a license in many cases would be likely to cease to be operative long before the "first day of May next ensuing." There is evidence in the act itself and in some of the amendments subsequently made that the advisability of refunding a part of the license fee where the license is terminated without the fault of the licensee was, at the time of the passage of the act, and since has been drawn to the attention of the Legislature; and cases in which it is intended that there shall be a repayment to the licensee of a part of the license fee, at least where the license is not absolutely void, have been specifically described.

Under Pub. Sts. c. 100, there was only one case where the money was to be refunded, and that was the one described in the seventh section. It is instructive in this connection to compare the sixth and seventh sections.

The sixth section provides among other things that under certain circumstances a notice of the application shall be posted upon the premises described in the application for the license, and, further, that if a license is granted without thus posting the notice, any citizen of the "city or town within which such license is issued may make complaint before the police, district, or municipal court, or the trial justice having jurisdiction therein; and if after due hearing it appears that such notice was not given, the court or justice shall revoke the license, and notice thereof shall be sent to the board issuing the same." The licenses to the plaintiff were revoked under this section.

The seventh section provides that if within ten days from the publication of the notice required by the sixth section an owner of any real estate "adjoining" (since changed to "within twenty-five feet of," see St. 1887, c. 323) the premises described in the application notifies the licensing board in certain cases

that he objects to the granting of the license, no license to sell intoxicating liquor to be drunk on the premises shall be granted. And in case such a license be granted after such objection has been filed, the owner of any such real estate may apply to a court or magistrate ; and thereupon, after proceedings which are similar to those described in § 6, the license shall be revoked and notice thereof sent to the licensing board; " and any city or town in which any such license has been so revoked shall refund to said licensee or his legal representatives the money expended by him for said license and his court fees and costs."

Here, in plain and explicit language, is imposed upon the city or town the legal liability to refund the license fee with certain other expenses, and in the whole statute, as enacted in the Public Statutes, there is not another word about refunding to the holder of a revoked license the whole or a part of the license fee, whatever may be the cause of revocation.

And notwithstanding the numerous amendments to this statute which have since been made, this feature of it has been preserved except in two cases. · The first is where a registered pharmacist has died or become incapacitated, and his business is continued by his widow, executor, or administrator under a registered pharmacist ; St. 1893, c. 472, § 5 ; St. 1896, c. 397, § 12 ; and the second is where, on the death of a licensee before the expiration of the term for which the license was granted, the city or town which granted the license may refund to his administrator or executor a part of the license fee " proportionate to the unexpired term of the license. And a proportionate part of the percentage paid to the Commonwealth shall be refunded to the city or town." St. 1897, c. 227, § 1.

The difference between the condition of a licensee whose license is revoked under Pub. Sts. c. 100, § 6, and that of one whose license is revoked under § 7, is very marked and is very suggestive. Where, as in § 7, the irregularity consists in the act of the licensing board in not giving heed to a lawful objection, the licensee is not made to suffer ; but where the irregularity consists in not having the proper notice posted on the premises to be licensed, there is no provision for a recovery upon the revocation of the license.

It is to be inferred that it was intended by the Legislature that

the licensee himself should see to it at his peril that this act of posting which is to be done at his own expense (§ 6) is properly done.

A license fee is not a tax imposed upon a citizen *nolens volens.* He is not compelled to apply for a license, or to take one if the licensing board are willing to grant him one. If he takes it, he takes and holds it subject to the conditions imposed by law. Unless absolutely void at its inception it is valid until revoked, and he takes his chances about its revocation, whether he be at fault or not, and he must be assumed to have consented to stand in the case of a revocation where the statute leaves him, as respects his right to recover a part or the whole of the license fee.

There being no provision in the statute for the recovery by the plaintiff, the order must be                    *Judgment affirmed.*