## JOHN M. MEDEIROS *v.* COUNTY OF MAUI.

## No. 1402.

EXCEPTIONS FROM CIRCUIT COURT SECOND CIRCUIT.
HON. L. L. BURR, JUDGE.

SUBMITTED OCTOBER 17, 1922.          DECIDED JANUARY 17, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

LICENSES—*refund of license fee.*

> M., knowing that Congress had passed the Sheppard Act, and that by reason thereof no intoxicating liquors could lawfully be sold within this Territory after a certain date within the license period, applied for and obtained from the board of liquor license commissioners for the County of Maui a license to sell intoxicating liquors, paying therefor the fee prescribed by law. Held, that in an action by the licensee against the County of Maui, no portion of the license fee so paid may be recovered.

OPINION OF THE COURT BY LINDSAY, J.

This case comes here on an interlocutory bill of exceptions allowed by a circuit judge to an order overruling the demurrer of defendant to the complaint of plaintiff. The material allegations in the complaint are that on July 1, 1918, plaintiff applied for and obtained from the board of liquor license commissioners for the County of Maui, a wholesale license for the sale of intoxicating liquors. At that time Congress had enacted what is commonly known as the Sheppard Act which prohibited the sale of intoxicating liquors after the 20th day of August, 1918. Although both plaintiff and the liquor commissioners were aware of the passage of the aforesaid act, and that, under its provisions, plaintiff would not be able to enjoy the privileges of his license after August 20, 1918, said commissioners did, notwithstanding the protest of plaintiff, require and exact from plaintiff for such license a fee of

$375, which sum was the fee prescribed by law for a wholesale license for a period of six months. The money thus paid was turned over by the liquor commissioners to defendant and became part of the general realizations of the County of Maui.

Plaintiff claims that he is entitled to recover from defendant the sum of $270.83, which sum he alleges represents "the cash value of said license for the period of four months and ten days illegally exacted of him so that plaintiff might procure his said license to carry on and transact the business of liquor dealer * * * from the 1st day of July, 1918, to the 20th day of August, 1918."

.Defendant demurred to the complaint, the principal grounds of demurrer being (a) that the County of Maui is not authorized by the laws of the Territory of Hawaii to refund moneys legally collected by the board of liquor license commissioners for the County of Maui for licenses, and (b) the County of Maui is not required by law to refund moneys legally paid and collected under the laws of the Territory of Hawaii for licenses for the sale of intoxicating liquor.

The circuit judge overruled the demurrer and allowed an interlocutory bill of exceptions to this court.

The position assumed by plaintiff is that, inasmuch as, under the existing circumstances, a license issued on July 1, 1918, could be effective only up to August 20, of that year, he should not have been required to pay a license fee for a longer period than he would be able to enjoy the benefits thereof. In other words, according to plaintiff, he should have been granted a license for a term of one month and twenty days and have been required to pay only a proportionate amount of the prescribed license fee, and is therefore entitled to recover from the County of Maui the amount paid by him in excess thereof, to wit, the sum of $270.83.

Section 2127, R. L. 1915, provides that all licenses for the sale of intoxicating liquors (except certain classes of licenses not involved herein) "shall be for a term of one year; the fees therefor shall be and become payable in two semi-annual instalments in advance on the first day of July and the first day of January in the term of the license, and the licenses shall date from either of said days. No license shall be issued until the applicant shall have paid to the secretary of the board by which such license is to be issued the first instalment of the annual fee for the license applied for."

It is clear from the foregoing that, when plaintiff applied for a license to sell liquor, the board of liquor commissioners was not authorized to grant him a license for a term other than that prescribed by the statute, viz., for a term of one year. Neither was the board authorized to receive less than half of the prescribed annual fee. The fee that plaintiff paid for his license was precisely the fee required by the statute, and such fee was therefore not illegally exacted of plaintiff by the board as alleged in the complaint. And whether or not plaintiff paid under protest is immaterial, for he was not compelled to take the license; he could have taken it or left it as he saw fit. The strongest and most effective protest that plaintiff might have made would have been to refuse to take the license and to have kept his money. As was said in *Emery* v. *Lowell,* 127 Mass. 138, 141: "The plaintiffs wished a license. They were at liberty to take it or not, as they saw fit. They paid the fee demanded, knowing all the facts in the case. A refusal to pay would have resulted merely in their not being licensed. They must be held to have paid voluntarily, and not under coercion;" and see *McGinnis* v. *Medway,* 176 Mass. 67. Plaintiff having thus voluntarily paid the license fee for a period of six months,

the only question that need be considered is whether he is entitled to recover a part of such fee.

Neither the board of liquor commissioners nor the defendant county in any way interfered with the business of plaintiff or deprived him of any of the privileges granted him under his license. In issuing the license and accepting the fee the board acted strictly within the powers conferred on it by law. The agency that prevented the licensee from enjoying the privileges of his license was Congress, over whose actions, it is needless to say, neither the board nor the defendant county had any control, and there is no more reason why the defendant county should be required to refund any of this license fee than there would have been had the licensee been prevented from carrying on his business by some other independent agency over whom defendant had no power or control. *Fitzgerald* v. *Witchard,* 130 Ga. 552, 16 L. R. A. (N. S.) 519.

When a person applies for a license to sell intoxicating liquors he is seeking a privilege rather than a natural right, and he does so with full notice of the statute governing that business. One of the conditions of the license of plaintiff (and of all licenses issued by the liquor commissioners) was that it was "issued and accepted subject to all the provisions of this chapter (Ch. 122, R. L. 1915) in regard to suspension or revocation thereof by the board for any violation of the conditions thereof, *or of any law affecting the same."* In accepting this license therefore, plaintiff knew, or was presumed to know, that not only might Congress at any time prevent him from engaging in the liquor business but that Congress had already actually taken that step. Plaintiff voluntarily assumed the risk of being prevented from carrying on his business and has therefore no cause for complaint. "A license fee is not a tax imposed upon a citizen *nolens volens.* He is not compelled to apply for a license, or to take one if the

licensing board are willing to grant him one.    If he takes it, he takes and holds it subject to the conditions imposed by law." *McGinnis v. Medway,* 176 Mass. 67, 71, 57 N. E. 210, 211; and, as held in *Cook v. City of Boston,* 9 Allen 393, money charged by a city for a license and paid with full knowledge of the facts, will be deemed to have been paid voluntarily, though paid under protest, and cannot be recovered back.

There are authorities which hold that where a liquor license granted by the municipality becomes inoperative by the act of the municipality or operation of law, the licensee may recover the unearned portion of his license. 3 McQuillin Mun. Corp., Section 1009; *Pearson v. City of Seattle,* 14 Wash. 438, 44 Pac. 884; *Bart v. Pierce County,* 60 Wash. 507, 111 Pac. 582, 31 L. R. A. (N. S.) 1151; *Hirn v. Ohio,* 1 Ohio St. 15; *City of Marshall v. Snediker,* 25 Tex. 460, 78 Am. Dec. 534; *Martel v. East St. Louis,* 94 Ill. 67; *Allsman v. Oklahoma City,* 21 Okl. 142, 95 Pac. 468. But in most of these cases, the license that had been granted by a municipality had been rendered inoperative by the subsequent action of the authority that had granted the license, and the courts held that, in those particular cases, it would have been inequitable to have allowed the municipality to profit by its own actions.    No such situation, however, exists in the instant case, for, as already stated, the inability of appellant to enjoy the full privileges of his license, was not brought about by any action on the part of either the licensing board, or the defendant county.    When appellant applied for a license he knew that, unless Congress should rescind or modify its action, he would not be able to engage in the liquor business but for a short portion of the expressed term of his license. He also knew that the board of liquor license commissioners had no authority to grant a license for a term other than that provided by law, nor for a fee less than that

paid. Knowing all of these facts, in accepting the license and paying the fee, the position assumed by appellant was equivalent to an undertaking on his part to take the license for what it was worth and to pay the prescribed fee therefor, without regard to how long, under existing conditions, he might be permitted to conduct his business.

For the foregoing reasons we hold that plaintiff is not entitled to recover any portion of the license fee paid.

In view of the position we have assumed it is not necessary to consider whether the County of Maui was properly made the party defendant in this case, for, even had the board of liquor license commissioners been made defendant, no recovery could have been had by plaintiff.

The exceptions are sustained and the cause is remanded with directions to the circuit court to sustain the demurrer of defendant to the complaint.

*E. Murphy* and *P. L. Weaver* for plaintiff.

*E. R. Bevins,* County Attorney of Maui, and *Wendell F. Crockett,* Deputy County Attorney of Maui, for defendant.