Wilson, J.
This is an action of contract brought by trustee writ in which the plaintiff seeks to recover for merchandise sold by the plaintiff to the defendant. The defendant did not appear and answer and was defaulted.
The City of Lawrence, summoned as trustee, originally filed an answer of “no funds.” Later, on November 18, 1936, the trustee moved to amend its answer by inserting in place of two hundred (200') dollars the sum of one hundred and seventy-three (173) dollars, and still later the trustee moved to strike out its amended answer. These motions were not acted upon by the court. On November 18, 1936, the City filed an interpleader, stating that it held one hundred and seventy-three (173) dollars as the property of the defendant and that the same was claimed by various creditors by virtue of suits against said defendant in which said City had been summoned as trustee. All said creditors were summoned to appear and filed appearances as claimants.
One Gruglielmino also appeared and claimed said fund to be due from the defendant to one Sellars, and claimed by said Guglielmino as assignee thereof from said Sellars by written assignment from said Sellars, no copy of which or notice thereof ever having been given to the city treasurer although said treasurer knew of said assignment.
The fund here in dispute arose when the defendant, Daigle, was granted a license for the sale of intoxicating liquors by the Licensing Board of said City in January, 1934, under Acts 1933 (extra session) c. 376, §12. The Alcoholic Beverages Control Commission did not disapprove said license prior to July 1, 1934, under Acts 1934, *97 c. 385, §16. On February 4, 1935, said Commission voted “Effective as of July 1,1934, to revoke” numerous licenses, including the license issued to the defendant, Daigle.
The City, acting in compliance with the terms of its charter as to form of procedure, voted to refund to the defendant a portion of the license fee.
The trial court ruled that the action of said Commission and said City did not entitle said defendant or any of said claimants or assignee to the payment of said rebate.
We consider first whether the ruling of the trial court that the defendant, Daigle, was not entitled to said refund, was correct.
The provisions regarding the refund of license fees now appearing in the statute here under consideration were doubtless inserted because of the decision of the court in McGinnis v. Medway, 176 Mass. 67, where it was said at page 71:
“There being no provision in the statute for the recovery by the plaintiff, the order (of judgment for defendant) must be affirmed.”
See also Brown v. Nahant, 213 Mass. 271, 274.
The issue here depends upon the constructions of the Acts of 1933, e. 376, §23 (extra session), as amended by Acts of 1934, c. 385, §16. The part thereof here material is as follows:
“The provisions of sections twelve and fifteen requiring the prior approval of the commission to the granting of licenses thereunder shall not apply to licenses first granted under said sections; but no such license not approved by the commission on or before the first day of July, nineteen hundred and thirty-four, shall be valid after said date until so approved, and if disapproved by the commission prior to that date shall thereupon become void.” * * *
“The holder of a license first granted in the year nineteen hundred and thirty-four under section twelve or *98 fifteen which is disapproved by the commission under this section shall be entitled to a rebate of that part of the fee paid therefor proportionate to the unexpired term of the license, and authority is hereby granted to any city or town from whose treasury such a rebate is payable to pay the same from any available funds. ’ ’
No claim is made by the City here that the City did not comply with all the provisions of law regarding the order for the repayment of the license fee to the defendant or that the amount there determined was not correct. It rests its defence on the claim that the license was not disapproved by the Commission “on or before” July 1, 1934.
■ The license in question was granted by the local licensing authority during January, 1934. It was for a “package store” so-called and was later determined to be “in excess of the number authorized by law.”
The Alcoholic Beverages Control Commission on February 4, 1935, “acting under the provisions of section 64 of chapter 138 of the G-eneral Laws as amended” voted “effective as of July 1,1934, to revoke” the licenses of the defendant and others as being “in excess of the quota prescribed by section 17 of said chapter.”
Said Commission on that date also advised the local board that the holders of “these licenses are entitled to a refund of the license fees paid by them.”
It is urged by the City that the vote “to revoke” was not a disapproval. We are of opinion that the Commission clearly indicated it was acting under the provisions of the statute because it expressly referred to the statute in its communication to the local licensing authority and by voting to make its action effective July 1, 1934, showed it had the terms of the statute in mind. The action of the Commission was intended to be and was a disapproval within the meaning of the statute.
*99 The City also claims that action by the Commission “on or before” July 1, 1934, is a condition precedent to the right of the licensee to claim any refund. We think that language of the statute was directory and not a condition precedent.
In Cheney v. Coughlin, 201 Mass. 204, 211, the court said:
“As to a statute imperative in phrase, it has often been held that where it relates only to the time of performance of a duty by a public officer and does not go to the essence of the thing to be done, it is only a regulation for the orderly and convenient conduct of public business and not a condition precedent to the validity of the act done.”
See cases there cited in this and other jurisdictions, and see also Swift v. Registrars of Voters of Quincy, 281 Mass. 271, 276; Commonwealth v. Mekelburg, 235 Mass. 383, 384; Com'r of Banks v. McKnight, 281 Mass. 467, 472; Clancy v. Wallace, 288 Mass. 557, 566; Fall River v. Conanicut Mills, Mass. Adv. Sh. (1936) 753, 754; Attleboro Trust Co. v. Com'r of Corp’ns & Tax’n, 257 Mass. 43, 52. See cases cited 1935 A. G. Rep. 87.
When the Commission made the order for the rebate, the defendant became entitled to the rebate which became due and payable by the City when the City exercised its authority to order payment thereof. The report recites that “the City of Lawrence, acting in compliance with the terms of its charter, as to form of procedure, voted a refund to the defendant of a portion of the license fee.”
We construe that recital as meaning that the City ordered the rebate to be paid from “available funds” as authorized by the statute (1934, c. 385, §16). The fund was, therefore, due and payable to the defendant at the time the City was summoned as trustee in this action.
The ruling of law in this regard, made by the trial court, was prejudicial error.
*100 The defendant, Daigle, was defaulted. Neither the plaintiff nor any of the claimants, except the claimants, Sellars and Quality Brands, Inc., claimed a report from the rulings of the trial court, and the rights of the plaintiff and of such other claimants, if any they had, are thereby concluded.
The trial court also made the following ruling:
“In view of my finding of fact and rulings of law filed herewith, I deny all the requests of Quality Brands, Inc. for rulings as being contrary to my said finding and ruling or immaterial in view thereof. ’ ’
That ruling indicates the trial court did not attempt to determine which, if any, of the claimants was entitled to the funds in the hands of the City of Lawrence, nor did the court pass upon the validity of the assignments referred to in the report.
The mode of procedure, where funds held by trustee process are claimed by others than the defendant or the plaintiff, is set forth in G. L. (Ter. Ed.) c. 246, §§33-34-35. That procedure must be followed. Interpleader in the strict sense has no place in actions brought by trustee process.
McGee v. Springfield Inst. for Savings, Mass. Adv. Sh. (1936) 889,890.
The case is remanded to the court of origin for its determination of said issues.